**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Andre Pierre Harris-El Bey, | Case No. 2:26-cv-00407-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Clark County, et al., | |
| Defendants. | |

Pro se Plaintiff Andre Pierre Harris-El Bey has filed an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 1). However, Plaintiff's application is missing certain information and Plaintiff appears to be providing evasive answers. The Court thus denies Plaintiff's application without prejudice and will give Plaintiff another chance to apply to proceed *in forma pauperis* using the Court's Long Form or to pay the filing fee.

**I.    Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940

(9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff leaves both question 1 and the first part of question 2 blank. So, it appears that he is claiming to not be incarcerated and to be unemployed. But Plaintiff must indicate this on his form in response to these questions, rather than leaving the Court to guess.

Plaintiff also claims to make no income from any source, to have no money in cash or a checking or savings account, to have no items of any value, to have no expenses, and to have no debts or financial obligations. Explaining his lack of expenses in response to question 6, Plaintiff asserts that he is "a religious minister with no employment, no income and no regular monthly expenses." However, it is unclear from this statement whether Plaintiff's needs are completely taken care of by a religious organization or some other source. It is also unclear how Plaintiff lives given his claim to have no money and no bills. Plaintiff's explanation is insufficient.

The Court further notes that, in signing his name, Plaintiff writes "without prejudice, all rights reserved, UCC 1-308." This contravenes one of the fundamental purposes of Federal Rule of Civil Procedure 11. Rule 11(a) states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

"One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers ...thereby avoiding delay and unnecessary

expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations omitted) (cleaned up).  In sum, "Rule 11 is aimed at curbing abuses of the judicial system." *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 542 (1991) (internal quotations omitted).

The relevant portion of UCC § 1-308 states,

> A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest," or the like are sufficient.

UCC § 1-308(a).

While the intended meaning is unclear, the Court notes that including "UCC 1-308" is a frequent and common tactic by those who adhere to the sovereign citizen movement.  *See Tiffany v. Karen*, No. 2:23-cv-00393-ART-DJA, 2023 WL 11827285 at *2 (D. Nev. May 25, 2023) ("Plaintiff also appears to have included in the signature line a reference to 'UCC 1-308' which appears to refer to some sort of reservation of rights.  This is common in Moorish [sovereign citizen] pleadings because they believe that by 'reserving your rights' you can avoid the potential consequences of untruthful answers."); *see also Harper v. California Dep't of Corr. & Rehabilitations*, 2022 WL 1094806, at *1 (E.D. Cal. March 29, 2022) (collecting cases) (finding that inclusion of UCC 1-308 "has been used by persons who consider themselves to be 'sovereign citizens.'").

Given Plaintiff's dubious claims to have no income and no bills whatsoever, the Court finds that Plaintiff intends to include UCC § 1-308 as a means to "avoid the potential consequences of untruthful answers." *See McCarley v. AIRBNB, Inc.*, No. 2:25-CV-00510-JAD-MDC, 2025 WL 1151131, at *1 (D. Nev. Apr. 17, 2025).  Plaintiff cannot seek to absolve himself from the consequences of untruthful or "frivolous" pleadings and/or filings.  *C.f. United States v. Sykes*, 614 F.3d 303, 306 n.2 (7th Cir. 2010) (characterizing defendant's claim that the UCC relieved him of criminal liability as "bizarre").  The purpose of Rule 11 is undermined when

filers, such as Plaintiff, seek to "reserve their rights" and thereby avoid the penalty such consequences. *See* Fed. R. Civ. P. 11(b)-(c) (permitting sanctions for violations of the rule).

Given these issues, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application on this Court's Long Form application. *See Greco v. NYE County Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016) *report and recommendation adopted sub nom. Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016) (explaining that "when an applicant is specifically ordered to submit the Long Form, the correct form must be submitted *and* the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status") (emphasis in original). The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **May 26, 2026,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

///

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Long Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: April 23, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.